Filed 8/10/21  P. v. Morris CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075856 |
| v. | (Super.Ct.No. BAF1901018) |
| CHANCE WILLIAM MORRIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Charles J. Koosed, Judge. Affirmed as modified.

David Zarmi, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2019 Chance William Morris pled guilty to domestic violence and witness tampering charges. The court sentenced him to three years' felony probation. Morris appeals, arguing that under recently enacted Assembly Bill No. 1950 (2019-2020 Reg. Session) (Stats. 2020, ch. 328, § 2) (Assembly Bill 1950) his probation should be reduced to two years. The People agree Assembly Bill 1950 applies and so do we.

I

FACTS

Because they are irrelevant to the issue on appeal, we do not summarize the facts underlying Morris's convictions. On November 15, 2019, Morris pled guilty to inflicting a corporal injury on a spouse (Pen. Code, § 273.5, subd. (a)) and attempting to prevent or dissuade a witness from giving testimony. (Pen. Code, § 136.1, subd. (a)(2).) Under a plea agreement, the trial court placed Morris on three years' felony probation. On October 2, 2020, Morris timely appealed.

Assembly Bill 1950 went into effect on January 1, 2021, while Morris's appeal was pending.

II

ANALYSIS

Morris argues Assembly Bill 1950 applies to him and requires we reduce his sentence from three years' probation to two. The People agree, but argue remand is necessary to allow the trial court to fully resentence Morris. We agree Morris is entitled

2

to the ameliorative benefits of Assembly Bill 1950. We also agree with Morris that the appropriate remedy is to reduce his probation term without remanding.

Assembly Bill 1950 went into effect on January 1, 2021, and amended Penal Code section 1203.1 to limit the probation period for any felony violation to two years. (Pen. Code, § 1203.1.) "When an amendatory statute either lessens the punishment for a crime or . . . ' "vests in the trial court discretion to impose either the same penalty as under the former law or a lesser penalty," ' it is reasonable for courts to infer, absent evidence to the contrary and as a matter of statutory construction, that the Legislature intended the amendatory statute to retroactively apply to the fullest extent constitutionally permissible—that is, to all cases not final when the statute becomes effective." (*People v. Garcia* (2018) 28 Cal.App.5th 961, 972, italics omitted.) Two other courts have recently found that this presumption of retroactivity applies to Assembly Bill 1950, and therefore probationers whose cases were not final at the time Assembly Bill 1950 went into effect are entitled to its ameliorative effects. (See *People v. Sims* (2021) 59 Cal.App.5th 943, 956-958 (*Sims*); *People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885 (*Quinn*).)

We find these cases persuasive, and because Morris's conviction was not final as of the effective date of this change, he is entitled to the ameliorative benefits of Assembly Bill 1950. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [" '[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme

3

Court has passed.' "].) Moreover, the People concede he is entitled to such retroactive application.

The only remaining issue is the exact remedy to which Morris is entitled. Morris argues we can and should reduce his probation period from three years to two on our own. The People argue we must remand to allow the trial court to resentence Morris. The People point out that the court in *Sims* retroactively applied Assembly Bill 1950 but concluded the proper remedy was to remand. However, we note that the court in *Quinn* concluded the opposite. Moreover, neither *Quinn* nor *Sims* explained their reasoning for their chosen disposition in any detail. Nevertheless the People argue the *Sims* approach is the correct one because "[m]erely striking any portion of the probationary term that exceeds two years deprives the superior court and the parties of a necessary determination of the status of the probation at the time it was terminated." According to the People, "[r]emand permits the trial court to adjust, modify, or strike probation terms, so that they can be complied with before termination of probation or removed from consideration of whether the probation terminated successfully."

We are unpersuaded. Morris argues, correctly, that the People conflate reduction of the sentence with termination of probation. Reducing Morris's probation period would not deprive the trial court of its authority to determine whether Morris successfully completed probation or whether a violation during the proper probationary period justifies revocation or tolling. Nor would it limit the People's ability to contest

4

termination, as the trial court retains jurisdiction to modify or terminate probation. (Pen. Code, § 1203.3, subd. (a); *Quinn*, *supra*, 59 Cal.App.5th at pp. 884-885 & fn. 6.)

However, the People also argue we lack the authority to unilaterally modify the probation terms because the People and Morris agreed to them as part of a plea bargain. Under this view, remand is necessary to permit the People to either agree to the modified probation terms or withdraw from the plea bargain.

Our colleagues in the First District have already addressed this argument, and we find their position persuasive. In *People v. Stewart* (2021) 62 Cal.App.5th 1065, review granted June 30, 2021, S268787, the First District concluded a court could apply ameliorative changes in the law to bargained-for sentences unilaterally. They acknowledged that *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) had previously held courts generally lack the authority to unilaterally modify a plea bargain. (*Stewart*, at p. 1074.) But they pointed out that "*Stamps* addressed a situation in which the new law gave the trial court discretion to strike an enhancement but did not require it to do so . . . . *Stamps* therefore had no occasion to consider the effect on a plea bargain of retroactive application of a law through which the Legislature directly affected a plea bargain by rendering one of its terms invalid." (*Id.* at p. 1077.) Instead, the *Stewart* court found the reasoning in *People v. France* (2020) 58 Cal.App.5th 714, review granted February 24, 2021, S266771 (*France*) more applicable to the changes wrought by Assembly Bill 1950. We agree with the court in *Stewart* that "Assembly Bill 1950, like the statute at issue in *France*, 'does not involve *Stamps*'s repeated and carefully phrased

concern with the "long-standing law that a court cannot unilaterally modify an agreed-upon term by striking portions of it under section 1385" ' but rather 'has a direct and conclusive effect on the legality of existing sentences pursuant to [*In re*] *Estrada* [(1965) 63 Cal.2d 740].' " (*Stewart*, at p. 1078, italics omitted.)

Accordingly, we conclude the proper remedy is to reduce Morris's probationary term without remand.

III

DISPOSITION

We modify the order granting probation by reducing the term to two years. We direct the trial court to correct the minute order to reflect the imposition of a two-year term of formal probation, and to notify probation of the change to defendant's probationary term. In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH              
J.

We concur:


McKINSTER           
Acting P. J.


MENETREZ           
J.

6